## FARMERS' STATE BANK OF HASKELL v. STOKER.
### No. 1224.

Court of Civil Appeals of Texas. Eastland.
March 23, 1934.

Turner, Seaberry & Springer, of Eastland, and Robertson & Murchison, of Haskell, for appellant.

T. R. Odell and L. D. Ratliff, both of Haskell, for appellee.

FUNDERBURK, Justice.

R. G. Stoker sued the Farmers' State Bank of Haskell (and others subsequently dismissed), alleging in part as follows:

That "on the first day of February, 1931, plaintiff had on deposit" in said bank the sum of $2,949.14, "and said sum was credited to plaintiff on the ledger of said bank, and plaintiff was so notified by said bank and the said amount of money has not been checked out by your petitioner, or by his authority, and that same is now due your petitioner as a depositor the sum of $2,949.14, and has been due your petitioner said sum of money as a depositor since the 1st day of February, 1931."

"That since the first day of February, 1931, the following amounts have been deposited to petitioner's credit" in said bank, "to-wit, $18.00 on February 9, 1931, $50.00 on December 7, 1931, $10.00 on August 25, 1931, $25.00 on April 5, 1932, $5.00 on September 8, 1931, $24.00 on November 1st, 1931, $15.00 on September 4, 1931, $30.00 on November 5, 1931, and $100.00 on June 18, 1932, totaling the sum of $277.00, which said amount has been due plaintiff since the dates same were deposited as above set out. That said sum of $277.00 has not been checked out by your petitioner, or by his authority, or otherwise assigned or transferred to anyone, but said sum is now due your petitioner."

That $1,100 which had been paid into the bank to take up a note belonging to plaintiff (principal $1,000, interest $100) was wrongfully appropriated by the bank, for which damages were claimed in the sum of $1,100.

The prayer was for judgment in the sum of $4,326.14, interest, etc.

The jury to whom the same was submitted on special issues found that the correct balance of R. G. Stoker's account with the Farmers' State Bank on February 1, 1931, which had not been checked out by him, or by his authority, was $1,002.11. That "the amount of money" which "had been deposited in the Farmers State Bank to the credit of R. G. Stoker after February 1, 1931, to and including June 18, 1932," was $4,184. That the amount of money which "on or about February 1st, 1931," had been paid to the bank to take up said $1,000 note was $1,000. That the amount of the total deposits which had been checked out "from January 31, 1931 and including June 18, 1932 by plaintiff, or by his authority, was $831.97." Upon these findings,

together with others fixing the bank's liability for the said $1,000 item, judgment was rendered for plaintiff for $3,294.17 and costs. The defendant bank has appealed.

■■ The only question presented is whether or not the judgment conforms to the pleadings and the verdict of the jury, as required by R. S. 1925, art. 2211. The special issues were in conformity to the pleadings. No contention is made to the contrary. The jury's answers to the inquiries made by the issues were properly responsive. The jury's finding upon one issue that the total of the sums which had been deposited "after February 1st, 1931, to and including June 18, 1932 was $4184.00," was not responsive to the pleadings, because the total amount alleged to have been so deposited was $277. If this part of the verdict be limited to conform to the pleadings, as it must, if any effect is to be given to it, the judgment required to be rendered in order to conform to both pleadings and verdict would be for $1,447.14. The judgment is, therefore, excessive to the amount of $1,847.03.

The plaintiff, by his petition, clearly differentiated the total sum on deposit on February 1, 1931, from the different amounts and total thereof later deposited. Having made this distinction in his pleading, he was thereby limited in the amounts of possible recovery to $2,949.14 on the one item, and $277 on the other. There was no allegation that any sum was deposited on February 1, 1931, or at any time prior thereto. The subject-matter of the allegation was not the making of deposits, but the existence at the particular time, and the amount thereof of a balance on deposit to plaintiff's credit. The question is not affected by the allegation that the balance of $2,949.14 on deposit on the 1st day of February, 1931, "has not been checked out * * * and is now due your petitioner * * * and has been due your petitioner * * * since the first day of February, A. D. 1931." Manifestly, such allegations could not possibly have reference to anything other than the amount on deposit on February 1st. If nothing was on deposit on that day, then there was nothing to which the last-quoted allegations could apply. If, as found by the jury, there was on deposit only the sum of $1,002.11, then it was that sum to which the allegations referred as not having been checked out, and as remaining due, etc. If $2,949.14 was supposed by plaintiff to have been already on deposit on February 1, 1931, but was not in fact deposited until February 2, 1931, upon the coming in of the proof of that fact, or of evidence which would

authorize a finding by the jury that such was the fact, the necessity then became apparent, if such sum was to be recovered, for plaintiff to amend his pleading, file a trial amendment, or, at any rate, to supply a basis in the pleadings for such recovery. Not having done so, as already said, the amount of the recovery on that item was limited by the pleading to $277.

The conclusion follows that in our opinion the judgment of the court below must be reversed and the cause remanded, which is accordingly so ordered.